# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00377-CV

**Ron Valentine Sr., Appellant**

**v.**

**Jeremy Jagodzinski and Christi Greene, Appellees**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-12-002634, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The clerk's record in this appeal was due for filing in this Court on June 27, 2013. On September 6, 2013, this Court notified Ron Valentine Sr. that no clerk's record had been filed due to his failure to pay or make arrangements to pay for the county clerk's fee for preparing the clerk's record. The notice requested that Valentine make arrangements for the clerk's record and submit a status report regarding this appeal by September 16, 2013. To date, Valentine has not filed a status report or otherwise responded to this Court's notice, and the clerk's record has not been filed.

If the trial court clerk fails to file the clerk's record due to appellant's failure to pay or make arrangements to pay for the clerk's fee for preparing the record, the appellate court may dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. Tex. R. App. P. 37.3(b). In this case, Valentine has not established that he is

entitled to proceed without payment of costs.[1]  *See* Tex. R. App. P. 20.1 (providing procedure for establishing indigence on appeal).  Because Valentine has failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, this appeal is dismissed for want of prosecution.[2]

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Prosecution

Filed:  October 22, 2013

_____

[1]  Though Valentine filed an affidavit of inability to pay appellate costs in the trial court, the appellees filed a contest to Valentine's claim of indigence that was sustained by the trial court.  *See* Tex. R. App. P. 20.1(a)(2) (providing that appellant may proceed on appeal without advance payment of cost when contest to claim of indigence is not sustained).  Valentine then filed a motion in this Court, asking us to review the trial court's decision.  *See id*. R. 20.1(j) (providing for appellate review of trial court's decision to sustain contest to indigence).  Upon considering Valentine's motion and the record relevant to the issue, we declined to reverse the trial court's decision on the contest.

[2]  Valentine has filed notice in this Court that he is appealing the decision on his motion to review contest to indigence and has requested discretionary review of the same.  Any petition for discretionary review of this case must be filed in the Supreme Court of Texas, and no notice of appeal in this Court is required.  *See* Tex. R. App. P. 53.  Accordingly, we dismiss Valentines's notice of appeal and request for discretionary review for want of jurisdiction.